IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 7 |
| PATRICK C. HAYNES, | : | |
| | : | CASE NO. 1-07-bk-00959 RNO |
| Debtor | : | |

********************************************************************

| | | |
|---|---|---|
| KELLY BEAUDIN STAPLETON, | : | |
| UNITED STATES TRUSTEE, | : | |
| | : | |
| Movant | : | |
| | : | Motion to Convert to Chapter 7 |
| v. | : | Pursuant to 11 U.S.C. § 707(b)(1) & (3) |
| | : | |
| PATRICK C. HAYNES, | : | |
| | : | |
| Respondent | : | |

# OPINION[1]

Pending before the Court is the United States Trustee's Motion to Dismiss the Bankruptcy Petition of Patrick C. Haynes ("Debtor") pursuant to 11 U.S.C. § 707(b)(1) & (3)(B) as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA"). The Court will grant the United States Trustee's Motion and the Debtor shall have fifteen days from the date of this Opinion to file a motion to convert to a proceeding under another chapter or the case will be dismissed.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a), (b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

---

[1] Drafted with the assistance of law clerk, Kathryn F. Evans, Esquire.

1

**Facts**

The instant Chapter 7 bankruptcy was filed on March 30, 2007. The Debtor is thirty-seven years old and married with two young children. He filed Chapter 7 without the joinder of his wife. It is undisputed that the majority of the Debtor's debts are consumer in nature. The Debtor testified that his spouse's income is primarily spent on household expenses. (T.T. 144, line 2). Schedule F reports nonpriority unsecured debt of $144,108.00 which includes $91,099.00 in student loans. The Debtor is a lawyer and his degrees include an M.B.A., a J.D., and an L.L.M. in taxation. Schedule I - Current Income of Individual Debtor reports the Debtor's gross monthly income to be $7,154.14 and his non-filing spouse's gross monthly income to be $1,480.00. Amended Schedule J - Current Expenditures of Individual Debtor reports monthly household expenditures of $6,289.23.

The Debtor's financial picture somewhat brightened post-petition. In April 2007, he received a raise increasing his gross monthly income to $7,612.46. Additionally, he received a $7,500.00 performance bonus a few days before the March 30, 2007 petition. The Debtor received a second bonus of $6,400.00 in September 2007.[2]

The Debtor's schedules include expenses which the United States Trustee alleges are unreasonable and should be reduced, with the funds redirected to the repayment of unsecured debts. The United States Trustee objects to a $760.00 monthly contribution to a 401K retirement plan, and a deduction of $162.00 monthly to repay a retirement fund loan. The United States Trustee also questioned student loan payments totaling $589.64 per month. The United States Trustee further argues that the Debtor's two monthly mortgage payments totaling $2,102.00

---

[2] The Debtor testified his employer awards bi-annual performance bonuses and that he has received three of six possible bonuses. (T.T. 76, line 4).

2

monthly are excessive. Finally, the United States Trustee challenges the Debtor's $108.65 monthly cable bill, which includes fees for extra services such as HBO, an HD/DVD converter and OnDemand.

An extensive hearing in this matter was held on October 25, 2007 during which the Debtor was examined and additional facts were established. The Debtor testified that he needed the additional cable television channels as a "babysitter" for his young children. The Debtor testified that he purchased a new 2007 Honda Accord the day before the Chapter 7 petition was filed. He testified concerning his efforts to reduce expenses prior to filing for bankruptcy and offered the following examples: decreasing his phone bill from $200.00 to $30.00 monthly; discontinuing his satellite radio subscription of $13.00 monthly; and, discontinuing his gym membership which cost $90.00 monthly plus an additional $375.00 fee which was assessed every six weeks for monitoring his diet and gym attendance.

**Analysis**

Section 707(b)(1) of BAPCPA provides that the Court:

> . . . may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title if it finds that the granting of relief would be an abuse of the provisions of this chapter. 11 U.S.C. § 707(b)(1).[3]

Section 707(b)(2), more commonly referred to as the "means test" section, establishes circumstances in which the Court shall presume abuse. *In re Fowler*, 349 B.R. 414, 416 (Bankr. D.Del. 2006). Neither party asserts that the presumption arises in this case and the United States

---

[3]Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended and currently effective.

3

Trustee objected solely under the standards set forth in § 707(b)(3)(B). This subsection provides when considering whether granting Chapter 7 relief would be an abuse, the Court should consider:

> . . . (B) The *totality of the circumstances* (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the Debtor's financial situation demonstrates abuse. § 707(b)(3)(B) (emphasis added).

Courts have found that Congress intended in the new § 707(b)(3) to codify the judicially constructed concepts of bad faith and the totality of the circumstances. Therefore, pre-BAPCPA case law applying these concepts is still helpful in determining abuse under BAPCPA. *In re Henebury*, 361 B.R. 595, 604 (Bankr. S.D.Fla. 2007), citing *In re Mestemaker*, 359 B.R. 849, 855-56 (Bankr. N.D.Ohio. 2007). Therefore, the Court's analysis under § 707(b)(3)(B) will consider both pre- and post-BAPCPA interpretations of the "totality of the circumstances" standard.

### A. Totality of the Circumstances

When the statute's language is plain, the sole function of the Court, at least where the disposition required by the text is not absurd, is to enforce it according to its terms. *Hartford Underwriters Insurance Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 1947, 147 L.Ed.2d 1 (2000); *Lamie v. U.S. Trustee*, 540 U.S. 526, 535, 124 S.Ct. 1023, 1031, 157 L.Ed.2d 1024 (2004). The Court reads the statute as directing a consideration of the sum total of the Debtor's financial circumstances. Other courts have noted that the totality of the circumstances test is expansive and gives a court significant leeway to consider all aspects of a debtor's financial condition. *In re Pennington*, 348 B.R. 645, 651 (Bankr. D.Del. 2006); *In re*

4

*Lenton*, 358 B.R. 651, 664-65 (Bankr. E.D.Pa. 2006); *In re Pak*, 343 B.R. 239, 246 (Bankr. N.D.Cal. 2006).

My colleague, Judge France, set forth a multi-factor analysis for totality of the circumstances cases in *In re Miller*, 302 B.R. 495 (Bankr. M.D.Pa. 2003) (adopting the factors used by the Sixth Circuit in *In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989)). While this is a pre-BAPCPA case, as noted above, it has continued vitality.

*Miller* suggests eleven factors should be considered. *In re Miller*, 302 B.R. at 499. Some courts have referred to this as the "hybrid" approach. See *In re Harshaw*, 345 B.R. 518, 523 (Bankr. W.D.Pa. 2006); *In re Duncan*, 201 B.R. 889, 895 (Bankr. W.D.Pa. 1996).

The eleven *Miller* factors are: (1) whether the bankruptcy petition was filed because of sudden illness, calamity, disability or unemployment; (2) whether the debtor made consumer purchases far in excess of his ability to repay; (3) whether the debtor's proposed family budget is excessive or unreasonable; (4) whether the debtor's schedules and statements of current income and expenditures reasonably and accurately reflect his true financial condition; (5) whether the bankruptcy petition was filed in bad faith; (6) whether the debtor engaged in eve of bankruptcy purchases; (7) whether the debtor enjoys a stable source of future income; (8) whether he is eligible for adjustment of his debts through Chapter 13 of the Bankruptcy Code; (9) whether there are state remedies with the potential to ease his financial predicament; (10) the degree of relief obtainable through private negotiations; and, (11) whether the debtor's expenses can be reduced significantly without depriving him of adequate food, clothing, shelter and other necessities. *In re Miller*, 302 B.R. at 499.

First, the Court does not find that the petition was filed because of sudden illness, calamity, disability or unemployment. It is noted that the Debtor is an educated person with multiple post-graduate degrees. This weighs in favor of dismissal.

I do not find the second factor - consumer purchases in excess of ability to pay - to be very significant in the instant case. However, the Debtor did purchase a new automobile the day before filing; Schedule J indicates the monthly auto loan payment is $362.08.

Is the Debtor's family budget excessive or unreasonable? The Court appreciates there are many attendant expenses to raising small children. The Debtor and his wife have a two-year-old son and a five-year-old daughter. Their son suffers from severe allergies. However, the Debtor also proposes to pay certain expenses which the Court finds to be excessive. These include a cable television bill of $108.65 per month, which includes additional charges for HBO, an HD/DVD converter and an OnDemand package.

As noted above, the United States Trustee has also questioned the Debtor's expenses of $780.00 per month as a 401K contribution and $162.00 per month as a 401K loan repayment. No documentary evidence was offered concerning the terms of the Debtor's 401K plan. The Court finds that the Debtor's creditors should not have to, in effect, fund new contributions to his 401K plan. See, *In re Behlke*, 358 F.3d 429, 435 (6th Cir. 2004) and *In re Jones*, 138 B.R. 536, 539 (Bankr. S.D.Ohio 1991). The amount of the 401K contribution, even if adjusted downward to reflect any tax consequences, could fund a significant payment to creditors.[4] This factor heavily favors dismissal.

---

[4] The Debtor and the United States Trustee stipulated at the hearing that there would be some tax consequences to the Debtor's cessation of contributions to the 401K Plan.

In light of the present provisions of BAPCPA, namely subsection 1322(f), the Court does not consider the 401K loan repayment to be significant for this analysis. That subsection, which is part of Chapter 13, discounts retirement loan repayments in calculating disposable income.

The Court may briefly dispense with the fourth and fifth factors included in the underlying *Miller* analysis. I find that the Debtor's schedules accurately reflect his true financial condition. Also, there has been no allegation of bad faith in this case.

With regard to the sixth factor, the Court restates its concern about the Debtor's purchase of a new automobile on the eve of the bankruptcy filing. I find that the Debtor has a stable source of future income. The Debtor has been employed since December 2004 as in-house counsel for an employee benefits firm in Northern Maryland. He is a salaried employee, and as noted above, is eligible for performance bonuses. This factor weighs in favor of dismissal.

The Debtor would be eligible for debt relief under Chapter 11 or Chapter 13 of the Bankruptcy Code. § 109(d) and (e).

The Court does not find that there are state remedies with the potential to significantly ease the Debtor's financial difficulties. There is little in the record concerning the relief potentially obtainable through private negotiations, however, the Debtor did testify that his efforts to obtain an interest rate reduction or a consolidation loan from certain creditors were unavailing.

The Court considers the eleventh *Miller* factor, whether the Debtor's expenses can be reduced significantly without depriving him of adequate food, clothing, shelter and other necessities to be significant. At a minimum, the Court finds that contributions by the thirty-seven-year-old debtor to his 401K plan are excessive. The Court also believes that Debtor's

7

monthly cable bill is excessive. This weighs in favor of dismissal.

Additionally, the United States Trustee asserts the Debtor's monthly housing expense and student loan expenses are excessive. The Court believes the preceding *Miller* factors justify dismissal, or conversion. Consistent with the principle of judicial restraint, application of the above *Miller* factors requiring dismissal; we resolve the matter on that basis without reaching any additional issues presented. See generally, *Manning v. Upjohn Co.*, 862 F.2d 545, 547 (5th Cir. 1989) (principles of judicial restraint dictate that if resolution of an issue effectively disposes of a case, it should be resolved on that basis without reaching any other issues presented).

**Conclusion**

In sum, consideration of the *Miller* factors leads to the conclusion that granting Chapter 7 relief to the Debtor would demonstrate abuse of the provisions of BAPCPA. Not only consideration of the *Miller* factors supports the Court's conclusion. A significant number of cases under BAPCPA have held that the primary consideration under the totality circumstances test is whether the Debtor has the ability to repay a substantial portion of his unsecured debt through a hypothetical Chapter 13 plan. *In re Henebury*, 361 B.R. 595, 611 (Bankr. S.D.Fla. 2007); *In re Lenton*, 358 B.R. 651, 666 (Bankr. E.D.Pa. 2006). The Court concludes that the Debtor would be able to repay a significant portion of his unsecured debt through a Chapter 11 or Chapter 13 plan. Based upon the record, the Court finds that the Debtor has a stable source of income, with a demonstrated history, albeit brief, of pay increases. His earnings, coupled with a reduction of the Debtor's unnecessary expenses, should be used to fund a repayment plan through an appropriate Chapter of BAPCPA. The Court will enter an Order dismissing the

8

Chapter 7 bankruptcy, unless within fifteen days the Debtor moves to convert this proceeding to a case under Chapter 11 or Chapter 13.

Date:   January 25, 2008

_Robert N. Opel, II, Bankruptcy Judge_

This opinion is electronically signed and filed on the same date. (BI)